APPEL, Justice
(concurring specially).
This fact-bound case has been decided narrowly on the record presented. At the time of John Green’s interview, no indictment had been handed down, no criminal complaint or trial information had been filed, no warrant for his arrest had been sought or issued, and Green had not been arrested. Green had not retained counsel prior to the interview and did not request an opportunity to speak with counsel during the interview.
Further, although the prosecutor traveled to Florida, viewed the interrogation from another room, and appears to have on a couple of occasions discussed the progress of the interrogation with police officers, Green has failed to show he faced an imbalance by being confronted with a trained prosecutor skilled in the arts of interrogation. Instead, the record shows only the officers occasionally talked with the prosecutor during breaks of the interview, the prosecutor suggested areas of inquiry or direction of the interview, and little else. Nothing in the record shows the prosecutor’s involvement had shifted from an investigative to an accusatorial role.
As a result, Green’s right to counsel argument fails. Article I, section 10 of the Iowa Constitution does not prohibit law enforcement from seeking advice from county attorneys in the course of a criminal investigation. The record is thus not sufficient to trigger the right to counsel even under a broad construction of the “all criminal prosecutions” clause or the distinctive “cases” language of article I, section 10. See State v. Senn, 882 N.W.2d 1, 36-47 (2016) (Wiggins, J., dissenting) (describing the unique features and history of article I, section 10). See generally id. at 50-68 (Appel, J., dissenting).
Wiggins and Hecht, JJ., join this special concurrence.